JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-8421 JGB (GJS)** | Date | February 24, 2023 |
|---|---|---|---|
| Title | *Arrogant Hollywood v. George Martin Reyes, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order DISMISSING Plaintiff's Complaint with Prejudice (IN CHAMBERS)

      On July 7, 2022, Plaintiff Arrogant Hollywood ("Plaintiff") filed a complaint in the Southern District of California. ("Complaint," Dkt. No. 1.) On November 15, 2022, Plaintiff's action was transferred to the Central District of California. (Dkt. No. 64.) In case no. 5:18-cv-1664-JGB (GJS), Arogant Hollywood, et al. v. 2200 Ontario LLC, et al., this Court deemed Plaintiff a vexatious litigant and barred him from filing any new actions unless Plaintiff filed a motion seeking leave to commence a new civil action and a District Judge or Magistrate Judge granted him such leave. (Dkt. No. 36.) On November 21, 2022, the Court issued an order requiring Plaintiff to submit a motion for leave of this Court to proceed with the action by December 9, 2022. ("Order Requiring Plaintiff to Seek Leave," Dkt. No. 68.) The Court warned Plaintiff that "[f]ailure to timely file a motion seeking leave will result in the dismissal of this action with prejudice." (Id.)

      Since November 21, 2022, Plaintiff has not filed a motion seeking leave, or advanced this litigation in any respect. Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has failed to respond to the Court's Order Requiring Plaintiff to Seek Leave by the deadline imposed by the Court. The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and has failed to comply with a court order, and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Additional delay will also prejudice Defendants, forcing them to spend needless resources on contesting this matter; in fact, Plaintiff has already unreasonably delayed this action without explanation. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic: Plaintiff has not pursued this case in any way for over three months and is unlikely to do so in the future.

Accordingly, the Court **DISMISSES** Plaintiff's action with prejudice and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**